IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 13 |
| | ) | |
| RANDOLPH E. FIELDS, | ) | Case No.: 19-19446 |
| | ) | |
| Debtor(s). | ) | Judge: BAER |

## NOTICE OF HEARING ON OBJECTION

*To the following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Trustee Glenn Stearns: peterson_p@lisle13.com

*To the following persons or entities who have been served via U.S. Mail:*
Randolph Fields, 406 S. Mason St., Bensenville, IL 60106
Jamie LaCerra, 4436 Edinburg Lane, Hanover Park, IL 60133

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his stead at **100 South Third Street, Courtroom 240, Geneva, IL 60134**, and present the attached **Objection to Claim Number 5,** at which time and place you may appear.

JUDGE:   BAER
DATE:   December 13, 2019
TIME:   9:30 AM

## PROOF OF SERVICE

A copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, with sufficient postage prepaid, by Michael R. Colter, II, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

DATE OF SERVICE:  November 7, 2019        /s/ Michael R. Colter, II
                                                                        Michael R. Colter, II, A.R.D.C. #6304675

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 13 |
| | ) | |
| RANDOLPH E. FIELDS, | ) | Case No.: 19-19446 |
| | ) | |
| Debtor(s). | ) | Judge: BAER |

## OBJECTION TO CLAIM NUMBER 5

NOW COMES the Debtor, RANDOLPH E. FIELDS, by and through his attorneys, DAVID M. SIEGEL & ASSOCIATES, LLC, to present his Objection to Claim Number 5, and in support thereof states as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the U.S. District Court, Northern District of Illinois, Eastern Division.

2. Debtor filed this Chapter 13 on July 11, 2019, and Glenn Stearns was appointed trustee.

3. Jamie Lacerra (Creditor) filed Claim Number 5 (Claim) on September 10, 2019, claiming Debtor owes a total of $155,545.10. (*See* Exhibit A.)

4. Creditor attached the Judgment for Dissolution of Marriage to her Claim. Creditor also shows how she arrived at the $81,500 plus interest. Only a portion of her calculation accurately represents what Debtor owes.

5. Part 3, Page 2 of 4, of the Claim lines #11 and #12 reference several loans. The loans in line #11 total $24,000.00. This amount is reduced to $12,000.00, in C.4., of the Order of Dissolution. Line #12 references a loan from Jamie's non-marital estate in the amount of $132,000. Line #13 states that Jamie has agreed to compromise her non-marital estate's loan and reduce Debtor's share of that loan to $24,000.00.

6. The actual order for the Judgment of Dissolution of Marriage begins at the bottom of Page 2 of 4 in Part 3 of the Claim.

7. Under the Division of Property and Debt (*See* section C., Page 3 of 4 Claim 5 Part 3) Debtor is responsible for one half of the loans from Terry LaCerra, Joleen LaCerra, and Bank of America (2nd Mortgage), which total $24,000.00, in referring back to Page 2.

8. Creditor incorrectly claims Debtor is responsible for half the loan from Jamie's non-marital estate. The total amount of the loan is $132,000.00, (Line #12) and Creditor incorrectly asserts Debtor is responsible for half of $132,000.00, which is $66,000.00. This goes against the plain language of Line #13 (Page 2 of 4) and Line #5 of Section C in the Judgment for Dissolution. The amount Debtor is responsible for is $24,000.00, not $66,000.00. Creditor and Debtor agreed to reduce Debtor's liability from $132,000.00, to $24,000.00, and this matter is res judicata as is the rest of the Judgment for Dissolution.

9. Creditor claims attorney fees in the amount of $3,500.00, without providing proof, but Debtor will accept this as an accurate representation of Creditor's attorney fees.

10. The attachments to the proof of claim show Debtor is responsible for $39,500.00, plus judgment interest, which is 9% per annum in the State of Illinois.

11. This debt is not for domestic support obligations as defined by 11 USC § 101(14A) and does not fall under the exception to discharge found in 11 USC § 523(a)(5). Creditor is correct in asserting this is a non-priority claim as indicated on page 3 of the Claim.

12. The Claim fails to show the payments Debtor has made to the Creditor. Debtor has paid $8,100.00 to the Creditor (*See* Exhibit B).

13. The Claim should be $39,500.00, plus 9% per annum minus the Debtor's payments. This means the daily interest earned is $9.7397. The period between entry of the judgment and filing of Debtor's Chapter 13 is 2,999 days. The dollar amount of interest on the judgment is $29,209.44. Before applying Debtor's payments, the amount of the judgment plus interest

is $68,709.44. After applying Debtor's payments of $8,100.00, the Claim should be reduced to $60,609.44

WHEREFORE, pursuant to 11 U.S.C. §502(a), the Debtor, RANDOLPH E. FIELDS, respectfully requests this honorable Court enter an order sustaining Debtor's Objection to Claim Number 5, and reducing the Claim to $60,609.44 and for such other relief as the Court shall deem proper.

        Respectfully Submitted,

        /s/ Michael R. Colter, II
        Michael R. Colter, II, ARDC #6304675

DAVID M. SIEGEL & ASSOCIATES
Attorneys for Debtor(s)
790 Chaddick Drive
Wheeling, IL 60090
847/520-8100